## OLIVER vs. GRAY.

Where two persons own a horse jointly, and, by written contract between them, one of them agrees to keep the horse a certain time, at a given price, and that one-half of the expenses thereof shall be paid by the other, there is nothing in the contract making them partners, although they call themselves partners in it.
They are mere part owners, and the one keeping the horse may recover of the other, half of the expense, at law, or offset it, if sued by him for other cause of action.

THIS was an appeal from a justice of the peace, determined in the Hempstead Circuit Court, in October, 1841, before the Hon. WILLIAM CONWAY B., one of the Circuit Judges. Oliver sued Gray before a justice, on a note. Gray, as the justice's docket states, appeared and made defence, and filed his account, which was rejected; and Oliver had judgment for the amount of the note and interest, with costs.

The record of the Circuit Court states, that the case was submitted to the Court, "on the claim of the plaintiff, and demand of offset, filed before the justice." The account so filed, was for keeping a horse, $61 50 cents, and was endorsed by the justice as filed on the day of the trial before him. To prove his account, Gray produced an agreement, under seal, by which it was stated, that Oliver had sold Gray half of a certain horse, and that Gray was to keep him for eighteen months, " and the partners, Gray and Oliver," were to pay an equal portion of the expense of the horse during that time. He then proved that he had kept the horse for the time charged in the account, and that keeping him was worth the price charged. Gray had judgment for $20, and all the costs, and Oliver brought error.

*Trimble,* for plaintiff in error. The defendant's evidence was not competent to prove an offset, or for any other purpose. There was no notice of set-off given, as required by the statute. *Rev. Stat.* 498, *sec.* 49 *and* 50. There was no proof before the Circuit Court, that notice of set-off was given. 3 *Stark.* 1312, 1313, 1314. The debts, if any existed, were not mutual. *Mont. on Set-off,* 22. To constitute mutuality, it is necessary that the debts of each party be due in his

own right. *ib.* 22, 23. A joint debt and a separate debt, cannot be set off against each other.

*Pike & Baldwin,* contra. The *Revised Statutes, Chap.* 87, *sec.* 49, provide, that, in order to entitle a defendant to set off any demand, he must give notice thereof to the plaintiff, either *verbal* or written, before the jury is sworn, or the trial submitted to the justice. As this is not a matter required to be placed on the record, and, in the case of *verbal notice,* there would naturally be no evidence of it found among the files, the Court is now bound to presume that the notice was given, as the set-off is found filed by the justice; which is, of itself, sufficient evidence of the fact.

Oliver and Gray were not *partners.* They were merely *part owners* of the horse. *Nicholl vs. Mumford,* 4 *J. C. R.* 523. *Ex parte Young,* 2 *Ves. & Bea.* 242. *Ex parte Parry,* 5 *Ves.* 575. *Nicholl vs. Mumford,* 20 *J. R.* 635. 3 *Kent's Com.* 16, 17. *Story on Agency,* 42. There is nothing in the contract making them partners; no community of profit and loss; nor any provisions by which profits and losses could accrue; and it merely amounts to a joint ownership in the horse, and an agreement, on Oliver's part, to pay Gray one-half of the actual expenses of keeping him.

And even if there had been a partnership, Gray could have had his action for one-half of these expenses. One partner can maintain an action against another, for money advanced; for money paid; for contribution; for violation of a contract. *Venning vs. Leckie,* 13 *East.* 7. *Walker vs. Harris,* 1 *Ans.* 245. *Mavaria vs. Levy,* 1 *T. R.* 483, *n. Foster vs. Alanson,* 2 *T. R.* 479. *Abbott vs. Smith,* 2 *Black.* 947. *Merryweather vs. Nixon,* 8 *T. R.* 186. *Wright vs. Hunter,* 5 *Ves.* 792. *Deering vs. Lord Winchelsea,* 2 *B. & P.* 290. *Burnell vs. Minot,* 4 *B. Moore,* 340. *Campbell vs. Mesier,* 4 *J. C. R.* 334. *Craythorne vs. Swinburne,* 14 *Ves.* 164. *Cowell vs. Edwards,* 2 *B. & P.* 268. *Williams vs. Henshaw,* 11 *Pick.* 79.

*By the Court,* DICKINSON, J. The plaintiff in error insists, that there was no debt due by Oliver to Gray, but to them jointly, as partners. We apprehend there is nothing in the contract consti-

tuting them partners. There is certainly no community of profit and loss arising out of their agreement. It amounts, in our opinion, to a mere joint interest in the horse alone, and an agreement on the part of Oliver to pay Gray one-half of the actual expenses incurred in keeping him. They styled themselves partners in the contract, yet the nature and terms of the agreement clearly show they are merely part owners. *Nicholl vs. Mumford*, 4 *J. C. R.* 522. *Ex parte Parry*, 5 *Ves.* 575. 3 *Kent's Com.* 16, 17. The debt accrued to Gray, in his individual character; and, as it was mutual, and subsisting with Oliver's demand against him, it was a proper subject of set-off.

