Ruddick v. Otis & Snow.

## RUDDICK, ASSIGNEE, v. OTIS & SNOW.

1. Partnership: EVIDENCE OF: INTER SESE. In order to constitute a partnership as between the partners themselves, there must be a sharing of the losses as well as participation in the profits.

2. —— APPLICATION OF THE RULE. Writing in the following form: "Received of G. & Co. $2,000 to invest in wool. Said G. & Co. to received two-thirds of the net profits on the sale of wool, and O. & S. one-third. (Signed) O. & S." *Held,* that the writing did not establish a partnership between the parties.

3. Evidence: AGAINST DECEASED PARTNER. In an action by an assignee in bankruptcy of a surviving partner, the defendant is not rendered incompetent by section 3982 of the Revision, to give evidence respecting transactions that took place between him and the deceased partner in relation to the matter in controversy.

*Appeal from Lee District Court.*

SATURDAY, FEBRUARY 24.

THE petition alleges that Gafford & Co., a firm composed of Joseph Gafford and Robert B. Foote, entered into a partnership with the defendants, Otis & Snow, for the purpose of buying wool, and that a memorandum and receipt, containing in part the terms of partnership, was executed and delivered by defendants to Gafford & Co. as follows, to wit:

"KEOKUK, *June* 28, 1864.

"Received of Gafford & Co. $2,000 to invest in wool; said Gafford & Co. to receive two-thirds of the net proceeds or profits on the sale of wool, and Otis & Snow one-third.                   OTIS & SNOW."

"If any more money shall be required to invest, the above terms shall hold good.          OTIS & SNOW."

The petition alleges that said memorandum contains only part of the terms of the agreement; that Gafford & Co. and Otis & Snow engaged in the business of buying and disposing of wool as partners, and that Otis & Snow were

to bear one-third the losses, if any should occur; that Gafford & Co. advanced, pursuant to said agreement, $19,265.60, with which defendants purchased 20,948 pounds of wool; that the net proceeds of the sales of said wool were $10,817.65, and that the loss in the transaction was $8,447.65, the defendants' share of which is $2,815.88. The petition asks an accounting, and that plaintiff have judgment for the amount found due.

In answer defendants deny the contract of partnership, and allege that in the purchase of said wool they acted merely as the agents of Gafford & Co., and were to receive one-third the net profits, as their entire compensation for their services. The cause was commenced by Joseph Gafford, surviving partner of Gafford & Co. Afterward Joseph Gafford was decreed a bankrupt, and his assignee in bankruptcy, R. L. Ruddick, was substituted as plaintiff. The action was tried as an equitable issue, by the first method. Judgment for defendants. Plaintiff appeals.

*McCrary, Miller & McCrary* for the appellant.

*Gillmore & Anderson* for the appellees.

DAY, J. — I. Appellant claims that the writing executed by Otis & Snow conclusively establishes a partnership between them and Gafford & Co. The writing is as follows: "Received of Gafford & Company, $2,000 to invest in wool. Said Gafford & Co. to receive two-thirds of the net proceeds or profits, on the sale of wool, and Otis & Snow one-third.                    OTIS & SNOW."

"If any more money shall be required to invest, the above terms shall hold good.                    OTIS & SNOW."

This memorandum shows simply an advance of money by Gafford & Co.; that it is to be invested in wool by Otis & Snow; and that Otis & Snow are to have one-third the net profits. It is worthy of remark that this case involves a question of partnership *inter sese* and not as to *third*

persons. For the protection of third persons a partnership will often be implied, when none in fact will be held to exist as between the parties themselves. *Price & Co.* v. *Alexander & Co.*, 2 G. Greene, 427, and cases cited. No doctrine of the law is better settled than that a mere participation in the profits does not constitute a partnership in respect to the concern or adventure from which the profits arise. Story on Partnership, §§ 540–545. In order to constitute a partnership *inter sese* there must be a sharing in losses as well as in profits. 2 G. Greene, 431 ; *Vanderburgh* v. *Hall*, 20 Wend. 70 ; *Munson* v. *Sears*, 12 Iowa, 178 ; *Post* v. *Kimberly*, 9 Johns. 495, 503. See, also, *Muzzy* v. *Whitney et al.*, 10 id. 226 ; *Williams* v. *Soutter et al.*, 7 Iowa, 445 ; *Reed* v. *Murphy et al.*, 2 G. Greene, 574 ; *Loomis* v. *Marshall*, 12 Conn. 69, and cases cited ; *Turner* v. *Bissell*, 14 Pick. 192 ; Story on Partnership, § 47.

The writing executed by the parties in this case contains no provision from which an intention that Otis & Snow should bear a portion of the losses, if loss should be sustained, can be inferred. We are, therefore, clearly of opinion that it does not of itself establish a partnership between Gafford & Co. and Otis & Snow.

The case of *Dob* v. *Halsey*, 16 Johns. 33, cannot, perhaps, be fully reconciled with some of the cases cited above. But as the question involved in that case was the existence of a partnership as to third persons, the point *decided* therein is not inconsistent with the conclusion here reached.

II. Does the evidence submitted on the trial establish a partnership? Whatever arrangement was made, was entered into between C. E. Snow and R. B. Foote, representing their respective firms. Gafford testifies that the arrangement was that Gafford & Co. should furnish the money, and that Otis & Snow should purchase wool, that Gafford & Co. should have two-thirds interest in the transaction, and Otis & Snow one-third. But the weight of

evidence is that Gafford was not present at the time the arrangement was perfected. Snow testifies positively that he was not present. The original petition, sworn to by Gafford, impliedly admits that he was not present at the making of the contract. It avers as follows: "That the said Otis & Snow, at the time of the delivery to them of the said $2,000, were seeking to borrow that sum on their own credit in Keokuk, for the purpose of investing the same in the business of buying and selling wool; *and that the said C. E. Snow meeting the said R. B. Foote, then a member of the firm of Gafford & Co., it was agreed that Gafford & Co. should furnish the money, but with the understanding that in case any losses should occur, they should be shared and divided in the same proportion as the profits, that is, two-thirds by Gafford & Co. and one-third by Otis & Snow.*" Otis testifies as follows: " I had a conversation at Des Moines, about a year ago, touching this matter. After mentioning the operation and the loss sustained, I remarked it was an unfortunate affair. Gafford said yes, and had he been present at the time the arrangement was entered into for buying wool, he would have opposed it, and that Bob was always running into some wild goose speculation." C. E. Snow testifies that the agreement was that Otis & Snow should buy the wool, and be allowed for their services one-third of the net profits. The burden of proof is upon the plaintiff to establish by a preponderance of evidence the existence of a partnership; and it seems to us that, if the testimony of Snow is competent, the weight of evidence is decidedly in favor of the finding of the court below.

III. Objection was made to so much of the testimony of C. E. Snow as details transactions between Snow and

3. EVIDENCE: against deceased partner. Foote, upon the ground that Foote is deceased and cannot testify thereto.

It is admitted that the letter of the statute (§ 3982, Revision) does not cover this case, but it is claimed the

spirit of the law renders Snow incompetent. It is clear that such a case as this was not contemplated by the statute, and if it should be provided for, it must be done by legislative action and not by judicial construction.

It is clear to us that the judgment of the district court should be

Affirmed.