THE MANHATTAN BRASS AND MANUFACTURING COMPANY *v.* HERMAN B. SEARS, impleaded with FREDERICK JUDSON, Respondent.

An agreement for sharing in the profits of a business is sufficient to constitute a partnership, as to third persons. It is not necessary that the agreement be to share in the losses also.

(Argued June 13th; decided June 22d, 1871.)

APPEAL from an order of the General Term of the Superior Court of the city of New York, affirming a judgment of the Special Term dismissing the complaint.

Action to recover a balance of rent upon a lease of certain premises in the city of New York, executed by the plaintiff, lessor, to the "Judson Horseshoe Company, lessee," signed on the part of the lessee "F. Judson, president."

The defendant Judson being the owner of a patent right, on the 22d of June, 1866, entered into the following agreement with the defendant Sears:

"This agreement, made at the city of New York, this 22d day of June, 1866, between Frederick Judson, of Jersey City, in the State of New Jersey, and Herman B. Sears, of the city of New York, witnesseth that the said Frederick Judson, being the sole owner in his own right of the patent right for the improvement in horseshoe calks, for which a patent was

granted by the United States, May 22d, 1866, and the same being free and clear from all liens and encumbrances, hereby agrees to sell, and does sell and convey to Herman B. Sears, a one undivided quarter interest in said patent right, for the loan of $4,000 in cash, for the purposes of the patent, and at the risk of its success, and the sum of $15,000 purchase-money. The said $4,000 loan is to be paid at any time within one year, to be used for the benefit of the patent, and returned out of the first profits of the business, after paying the salary of the agent and other necessary expenses. The said $15,000 purchase-money is to be paid as follows, viz., to be realized and retained by the said Frederick Judson out of Herman B. Sears' share in the profits arising from the sale of rights under the patent, and one-half of all dividends payable to the said Herman B. Sears are to be retained by said Frederick Judson until they amount to said $15,000. The said Frederick Judson is to continue to be the sole agent of the whole of said patent right, at a salary of $1,500 a year, payable only from the profits of the whole of said patent right, subject to an increase hereafter to be agreed upon, whenever the said $15,000 shall be realized, and the profits of the business shall authorize it. The object of this agreement is not for any purpose of business, or manufacture, or partnership, but only to make the parties joint owners of said patent right. The said Frederick Judson is to transact all business, and make all grants in his own name, and to keep books of account showing all moneys received and expended in said matters, which are to be always open to the inspection of either of the parties to this contract.

"FREDERICK JUDSON.
"HERMAN B. SEARS."

In October of the same year, the defendant Judson hired from the plaintiff premises in the city of New York until May 1st, 1868, which were used for the introduction and exhibition and sale of patent rights. It appeared that some rent on this lease had been paid by an order upon the defendant Sears in favor of the plaintiff, drawn by Judson, out of the $4,000 agreed to be paid by Sears, which

Sears admitted he supposed was for that purpose when he paid it. The defendant Sears alone defended, and put in a general denial. Evidence was given to show that the defendant Sears told the plaintiffs' president, before the lease was signed, that he knew the Judson Horseshoe Company; that it owned a patent worth $1,000,000; that he owned the quarter of the interest in that patent, in the concern of the Judson Horseshoe Company.

The defendant Sears moved to dismiss the complaint, but without stating any ground of such motion. The court granted the motion, and the plaintiffs excepted. Judgment was entered accordingly, and the plaintiffs appealed to the General Term of the Superior Court, where the judgment was affirmed. The case below is reported 1 Sweeny, 426.

*S. B. Brownell*, for the appellant, cited Col. on Part., § 3; 3 Kent, 5th ed., 24; Story on Part., §§ 2, 34, 35, 59, 60, 68; *Ex parte* Langdale, 18 Ves., 300; *Wood* v. *Vallette* (7 Ohio St., 192); *Hazard* v. *Hazard* (1 Story, 371); *Waugh* v. *Carver* (2 H. Bl., 247); *Gray* v. *Smith* (2 Wm. Bl., 998); *Ex parte, Hamper* (17 Ves., 403); *Champion* v. *Bostwick* (18 Wend., 175); *Catskill Bk.* v. *Gray* (14 Barb., 471).

*Charles E. Whitehead*, for the respondent, cited *Parkhurst* v. *Kinsman* (1 Blatchford, 488); *Pitts* v. *Hall* (3 id., 201).

PECKHAM, J. To constitute one a partner, as to third persons, it is not necessary that he should agree to share in the losses of the business. Sharing in the profits is sufficient. The reason is, that sharing in the profits deprives creditors of part of the means of payment. (*Pott* v. *Eyton*, 3 Man. Gr. & S., 32; 54 C. L. R., 31; Col. on Part., 5, 4th Am. ed., and cases cited; Story on Part., Gray's ed., § 2, where definitions of partnership are given by different writers.) More generally no allusion is made to sharing losses. (And see section 68; 3 Kent, 8th ed., 26; *Grace* v. *Smith* 2 W. Bl., 998).

Here seem to be all the elements of a partnership, as claimed by any writer.:

1st. Sharing in the profits.

2d. Sharing in the losses, at least, to the extent of $4,000, the repayment of the whole of which depended upon the profits.

3d. The right to inspect the books. (Story on Part., § 69, note 1.)

4th. A common interest in the stock of the company. (3 Kent, 24.)

It is not the less a partnership, that Judson was "to transact all business, and make all grants in his own name." A secret or dormant partner is always intended to be unknown. He is not thereby the less a partner.

It is urged that the respondent expressly refused, in the contract, to enter into any "business or manufacture or partnership." There is no such refusal. But the contract says simply that such was not the "*object* of the parties," but only to make the parties joint owners of the patent. Yet the contract carefully provides for the business, and for the disposition of its profits. It continues Judson as the sole agent of the whole of the patent right at an agreed salary, payable from the profits, subject to an increase thereafter to be agreed upon "whenever the $15,000 shall be realized, and the profits of the business shall authorize it."

What the precise business is as to the patent is nowhere stated, except incidentally, viz., that "the profits arising from the sale of rights under the patent" are to be applied in a share for the defendant's benefit toward paying for an interest in the patent.

Nor is the business to cease when the one-third interest in the patent is paid for, as provision is expressly reserved for an increase of the agent's salary at that time.

Here, then, is express and particular provision for carrying on this business for the joint benefit of the parties, defendants, for sharing in the profits, and in a degree in the losses; and

the mere statement that its "object is not for a partnership," will not change the legal effect of the contract.

It is plainly a partnership as to third persons, even though expressly agreed that it should not be so between themselves. The best position that can be claimed by defendant Sears, is that this is a special or limited partnership, as between the parties thereto. In such case, it is general as to the public, or our statute on that subject would be superfluous. (Story on Part., § 63, and cases cited.)

Judson, therefore, was the agent of the defendants in all matters touching the business of the patent. It cannot be held, as matter of law, that the hiring of this store by Judson was not within, and for the purpose of the partnership business. If it were for manufacturing and exhibiting specimens of the patent's work, with a view of selling the rights, and it was pertinent to that end, then it was within the partnership business, though it may not have been a wise mode of attaining the end.

It may be possible that the steam power was outside of the business; and yet it would not then be proper to nonsuit, if the renting was appropriate as to the building or room, but if the general agent of the company thought it appropriate, and acted in good faith, it should be a plain case of excess of authority, or the company should be bound by his contract.

It may be observed that the defendant, Sears, loaned this $4,000, "to be used for the benefit of the patent," and yet he paid a draft which he thought, as he testified, went for a payment on this same rent. He then, obviously, regarded this renting as appropriate to the business, or he would not, or should not, have consented to the misappropriation of his money.

The court erred in dismissing the complaint. Judgment reversed, new trial granted, costs to abide event.

All concur, except CHURCH, Ch. J., and ALLEN, J., not voting.

Judgment reversed.