LEGGETT AND ANO. v. HENNEBERGER *et al.*, appellant.

*Partnership — what constitutes — sharing profits.*

Defendant contributed a certain sum to be used in the business of a partnership, on condition that he should receive one-third the profits of the business. *Held*, that this constituted him a partner as to third persons dealing with the firm.

THIS action was brought to recover the price of goods sold and delivered in April, 1871, by the plaintiffs, who were partners, to the firm of A. D. Putnam & Co., and against Henneberger & Hyde, as survivors of Avery D. Putnam, deceased.

The defendant, Hyde, answered by a general denial. The only question litigated was, whether Hyde was a partner in the firm of Putnam & Co.

The firm of A. D. Putnam was originally composed of Putnam & Henneberger. Hyde, it was alleged, became, in May, 1870, a partner as to third persons dealing with the firm, by contributing $2,000, to be used for one year in the firm business, either as an investment

or a loan, under an agreement that his son should be employed in the concern at a certain salary, and that said Hyde should receive one-third the profits of the business, and that he should be admitted as a partner at the end of the year if agreeable to both parties. This agreement was introduced in evidence. Plaintiffs never knew Hyde as a member of the firm, nor had he held himself out as such.

The jury found a verdict for the plaintiffs, and from the judgment thereon defendant Hyde appealed.

*Roger A. Pryor,* for appellant.

*C. Van Santvoord,* for respondents.

BARNARD, P. J.  We think the case of *Manhattan Brass Company* v. *Sears,* 45 N. Y. 797, settles the principle in controversy between these parties. Hyde invested $2,000 in the business of A. D. Putnam & Co., for one year, and was to receive one-third of the profits.

In the case above cited the court of appeals say that to constitute one a partner as to third persons, it is not necessary that he should agree to share the losses of the business. Sharing in the profits is sufficient.

It is true the judge who delivered the opinion says that he finds in the agreement between the parties in that case " all the elements of a partnership as claimed by any writer."

We discover no indication from those words that the court intended to modify the principle previously laid down in the case.

*Judgment affirmed with costs.*