TOMPKINS v. LEE, appellant.

*Partnership — transactions in real estate — verbal agreement — rights between partners.*

Plaintiff claimed to have loaned defendant certain moneys for which he brought action. Defendant claimed that the moneys had been advanced by plaintiff in a partnership agreement made verbally for the purchase of and sale of particular lands. The lands in question had been purchased by defendant, and a deed taken in his own name two months before the money was received by him. *Held,* that, even if the money was advanced upon a partnership agr eement, it being verbal, plaintiff had no interest in the lands and might recover the sum advanced in an action therefor.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought to recover the sum of $3,500, and interest, from the 4th day of January, 1869, for moneys alleged to have been loaned by the plaintiff to the defendant. The defendant alleged that he and the plaintiff had formed a copartnership to purchase certain real estate in Fordham, and that the money was not to be repaid until the property was sold, when each party, after having first received seven per cent interest upon his advance, should receive in addition one-half of the profits. The property has not been sold, and the defendant claimed that the action at least was premature. The defendant also set up usury; but, at the trial, said that it was not his wish that usury should be pleaded, and no evidence was given upon the subject.

It was admitted that about January 4, 1869, plaintiff delivered to defendant the sum of $3,500, and that in some manner plaintiff

was to have some return for his money. Nearly two months previous to this time defendant had purchased the real estate mentioned, and had taken deeds in his own name. It was claimed by defendant that the partnership agreement was verbally made previous to the delivery of the money; but defendant admitted that he had made the contracts for the sale of the property to himself before any conversation took place upon the subject between him and plaintiff, and that plaintiff did not see the property until after defendant had received the deeds for it in his own name.

There was a memorandum book containing certain entries by defendant, in which it was stated that the property was bought jointly, and which defendant testified plaintiff had seen, and had not objected to. There was also a receipt, which was signed by defendant, and about a month after the transfer of the money given to and retained by plaintiff, in which it was stated that defendant had received from plaintiff $3,500, to be paid back with interest when the property in Fordham was sold, "with one-half of any profits I may make in selling such property." It was on both sides, however, claimed that this receipt did not express the terms of the agreement, defendant stating that it was only given as a temporary document, and plaintiff explaining that he took it because he wished some evidence that defendant had received the money, and kept it because defendant would not give him any thing better.

The referee found that the transaction was a loan, and gave judgment for plaintiff for the amount advanced.

*George W. Van Slyck,* for appellant.

*Morris F. Dowley,* for respondent.

BARNARD, P. J. The plaintiff is entitled to recover, unless the defendant shows some right by which he can retain the $3,500 which he received from the plaintiff.

The defendant attempts to do this in two ways: 1st. The parties were partners in the purchase of the real estate at Fordham, and the money in question was plaintiff's capital. This claim is negatived by the fact that the property was purchased by defendant before the receipt of the money, and a deed was taken in his own name. There was no written agreement of partnership; and even if the defendant promised to receive plaintiff as a partner, and

defendant promised to become a partner, and to that end advanced the money in dispute, these facts would give plaintiff no interest in the land. The memorandum in the blank book is not signed, and the receipt neither discloses nor evidences a trust in the land. If this receipt was accepted, it did not " show his (plaintiff's) interest," which defendant says he agreed to do when he applied for the money, as he testifies. So that, if the receipt was accepted, it gives to defendant no right to retain plaintiff's money.

The referee has found that the receipt was not accepted, but that the contract between the parties was for a loan, and that the receipt did not evidence the transaction. I cannot entirely assent to this finding as being the transaction between the parties. It seems plain that the parties agreed to go into partnership by parol.

The partnership would be good, based on participation in profits alone. *Manhattan Brass Co.* v. *Sears*, 45 N. Y. 797. The receipt did not certainly evidence the transaction, in that it did not disclose the right of plaintiff in the property.

The defendant having received the plaintiff's money under an agreement which he has failed to perform, the plaintiff is entitled to recover it back. I know of no other remedy he has but this action.

*Judgment affirmed.*