## SUPREME COURT.

EDGAR WILLIAMS *et al.* agt. JAMES W. GILLIES *et al.*

*Partnership — agreement to share in the profits — Complaint — Defense.*

An agreement between parties to share in the profits which might arise out of the purchase of real estate, is sufficient to constitute a partnership as to third persons, no matter what they may be *inter sese.*

There may be a copartnership in real estate, and it is not necessary to the existence of such partnership that it be evidenced by a written agreement signed by the partners; but it may be created by parol.

Where the ostensible partner is alone known in the transaction, all persons are held responsible as partners to third persons who are to share in the profits.

It is no defense to an action that a smaller claim than the party is entitled to is made in the complaint.

Defendant D. made a contract with F. for the purchase of the land in question. It was agreed between R., the defendant D. and the defendant G., that the property should be bought for their joint benefit; R. contributing one-half, D. one-quarter and G. one-quarter. It was further understood that D. should take the title and give back the mortgage. The parties each contributed their proportionate share of the purchase-money, and as long as interest was paid upon the mortgage, each paid his proportionate share of such interest.

*Held,* that R., G. and D. were copartners in the transaction, and all were liable for the debt created in that enterprise.

VAN BRUNT, *J.*— This is an action to foreclose a mortgage made by William H. Dobbs and wife to Loraine Freeman, now deceased. It appears that, in October, 1872, the defendant Dobbs made a contract with said Freeman for the purchase of the land in question. That it was agreed between William H. Raynor, the defendant Dobbs and the defendant Gillies that the property should be bought for their joint benefit — Raynor contributing one-half, Dobbs one-quarter and

Gillies one-quarter of the purchase-price. It was further understood that Dobbs should take the title and give back the mortgage mentioned in the contract. The parties, in pursuance of this agreement, each contributed their proportionate share of the purchase-money, paid in part, and also as long as interest was paid upon the mortgage, each paid his proportionate share of such interest. The plaintiff seeks to hold the defendant Gillies for one-quarter of any deficiency which may arise upon the foreclosure of this mortgage. The defendant Gillies claims that he cannot be held, because the whole of the title was vested in Dobbs, and there was no resulting trust which he (Gillies) could enforce against Dobbs, and further, that there is no evidence to show that Raynor, Gillies and Dobbs were copartners in the transaction.

I do not at all consider the claim that is made to bind Mr. Gillies because of the assumption of the mortgage in the deed tendered by Dobbs to Gillies, because there is not sufficient evidence of an acceptance of that deed by Gillies.

The evidence in this case seems to me to establish beyond any question that Raynor, Gillies and Dobbs were to share in any profits which might arise out of the purchase of this real estate. The authorities in this state establish clearly the proposition that such an agreement makes the parties entering into it partners as to third persons, no matter what they may be *inter sese* (*Manhattan Brass Co.* agt. *Sears*, 45 *N. Y.*, 797; *Leggatt* agt. *Hyde*, 58 *id.*, 278), the theory being that every person who shares in the profits deprives creditors of parts of the means of payment. It is well established in this state that there may be a copartnership in real estate, and that it is not necessary to the existence of such a partnership that it be evidenced by a written agreement signed by the partners, but that it may be created by parol; and it is further decided that where such partnership exists, the partners may establish their interest in land, the subject of the partnership, without such interest being evidenced by any writing (*Chester* agt. *Dickinson*, 54 *N. Y.*, 1, *and cases there cited*).

These authorities clearly show that Raynor, Dobbs and Gillies were copartners in respect to the purchase of this land. The next objection raised is, that Freeman, the mortgagee, knew nothing of the fact that Raynor and Gillies were the copartners of Dobbs. The principle is well settled that where the ostensible partner is alone known in the transaction, all persons are held responsible as partners to third persons who are to share in the profits (*Story on Partnership*, sec 63).

It is, therefore, entirely immaterial whether the mortgagee knows or did not know at the time he took his mortgage of the existence of the copartnership; all the copartners are liable to him for the debt created in that enterprise.

The objection that the plaintiff, in his complaint, only claims to hold Gillies for one-fourth of the deficiency certainly cannot be objected by him, as it is no defense that a smaller claim than the party is entitled to is made in the complaint.

It seem to us, therefore, very clear, upon authority and principle, that the plaintiff is entitled to the judgment asked for in the complaint.

Judgment accordingly.