JACOB L. HAAS, HENRY NANEST, JOHN W. KLEIN, AND GEORGE BOLLER, RESPONDENTS, v. EDWIN ROAT AND JOHN MAAR, *alias* PROF. J. M. McALLISTER, *alias* PROF. TELASCO, APPELLANTS.

*Interest in profits — renders persons liable as partners, as to third persons.*

The defendant Roat advanced $700 to defendant Maar, a traveling showman, upon the agreement that, after payment of all expenses, Roat was to receive back the $700, and one-half of the net profits.

*Held,* that the defendants were partners as to third persons, irrespective of any agreement to the contrary between themselves.

APPEAL from an order granting a new trial, upon a motion made on a case containing exceptions.

*Thomas Corlett,* for the appellants.

*George Wadsworth* for the respondents.

TALCOTT, J.:

This is an appeal by the defendant from an order made at the Special Term of Erie county, granting a new trial in the action.

The defendants were sued for work, labor, and materials furnished by the plaintiff, in printing certain hand-bills and programmes for certain shows which, it was alleged, were carried on and exhibited by the defendants as copartners. The defendant Maar was a traveling showman, and being about to start out on an expedition to exhibit his show the defendant Roat advanced to Maar $700, under an agreement that after paying expenses of the trip, Roat was to receive back the $700, and one-half of the net profits.

There was also evidence tending to show that the work and materials were ordered when both parties were present, and that both defendant and Maar had stated to the plaintiff that they, Roat and Maar, were partners in the business of exhibiting said shows, and would jointly pay the plaintiffs for said work and materials, and that the same were furnished upon the joint credit and responsibility of both defendants.

The cause was tried before BARKER, Justice, who afterwards, at the Special Term, ordered a new trial on account of errors in the

charge to the jury. The defendant Maar did not appear in the action, and the agreement between the parties was testified to by Roat. The justice at the circuit instructed the jury in substance that the advance of the $700 for the purpose of exhibiting the show, with an agreement that the same was to be refunded to Roat, and he was also to receive one-half of the net profits, did not constitute the parties copartners as to the business, and as to third parties dealing with the defendants in that behalf, unless the parties intended by such agreement to become copartners.

The charge was duly excepted to by the plaintiffs' counsel, who also requested the court to charge the jury that the agreement between the defendants, as testified to by Roat, made the defendants copartners as to the plaintiffs, and the refusal to charge this was also excepted to.

The agreement between the defendants, as testified to by Roat, one of them, did, in law, constitute the defendants copartners in the business undertaken under it, so far as third parties were concerned, without regard to the question whether the defendants intended by the agreement to become copartners or not. The admission of the defendant Roat, the only party who contested the fact of the copartnership, brings the case clearly within the rule established by the later authorities in this State, and the defendants are by those decisions held to be copartners as to third persons, even though they expressly agree not to become such, from the fact that the profits were to be divided between the defendants. (*Manhattan Brass, etc. Co.,* v. *Sears,* 45 N. Y., 797; *Ontario Bk.* v. *Hennessey,* 48 id., 545; *Leggett* v. *Hyde,* 58 id., 272; *Greenwood* v. *Brink,* 1 Hun, 227.) Such is the law clearly established in this State, although there are modern English decisions (probably founded on the statute of 28, 29, Vic. Ch., 86) to the contrary.

The order granting a new trial should be affirmed, costs of appeal to abide the event.

MULLIN, P. J., and SMITH, J., concurred.

Order granting new trial affirmed; costs of the appeal to abide the event.