SLADE & ETHERIDGE *vs.* PASCHAL *et al.*

1. If N. furnished money to P. to conduct business, and the latter was to let him have goods at cost prices, and nothing was said as to interest or profits and losses, this would amount to a loan, and would not constitute N. and P. partners.
2. If P. represented to S. that he was a partner of N., and S. told N. of such representations, and the latter acquiesced in them by silence or otherwise, N. would be liable as a partner, and his liability would date from the making of such representations or the first credit given thereunder.

Partnership. Contracts. Before Judge STEWART. Talbot Superior Court. March Term, 1881.

Reported in the decision.

BLANDFORD & GARRARD ; J. H. MARTIN, for plaintiffs in error.

WILLIS & WILLIS ; PEABODY & BRANNON, for defendants.

SPEER, Justice.

The plaintiffs in error brought their suit against defendants as partners, to recover the amounts alleged to be due on certain notes signed by W. O. Paschal as agent. The declaration alleges that the notes were made and delivered to plaintiffs by the defendants as partners under the partnership name of W. O. Paschal, agent. To this suit Paschal made no defense, Neal filed pleas of general issue *non est factum*, and a special plea denying that he was at the time of giving said notes, or before or since, a partner of Paschal. Upon the issue thus made there was evidence introduced by both parties, and under this evidence and charge of the court the jury returned a verdict in favor of the defendant, Neal; whereupon plaintiffs made their motion to set aside said verdict and for a new

trial on various grounds, which are set forth in the record; which the court overruled, and plaintiffs excepted.

(1.) The first ground of error complained of in this motion is the refusal of the court to charge the jury, as requested in writing by counsel for plaintiffs, as follows: "If you should believe that Paschal and Neal entered into an agreement whereby Neal was to furnish the money upon which to do business and Paschal was to carry on the business and Neal to have his goods at cost, and nothing is said as to interest or profits and losses, then the law will constitute them partners."

(2.) Because the court refused to give the following charge to the jury, as requested by plaintiffs, to-wit: "If you should believe that Paschal represented to Slade that Neal was his partner, and upon the strength of such representations Slade & Etheridge furnished or loaned them money, (that is W. O. Paschal, agent,) and Slade & Etheridge made these representations known to Neal, and he made no denial of them or said nothing to put Slade & Etheridge upon notice that the representations were not true, then Neal is liable and his liability relates back to the time when the representations were made, or the first money loaned upon the strength of them." This request was given except the last lines commencing "And his liability relates back," etc., etc.

(3.) Because the court erred in charging the jury as follows: "If you should believe that Neal furnished Paschal with money, and Paschal bought goods with it and was to sell Neal supplies at cost prices, and Neal expected interest and Paschal expected to pay interest, that would not make them partners."

(4.) Because the verdict of the jury was contrary to evidence.

(5.) Because the verdict was decidedly against the weight of evidence.

(6.) Because the verdict is without evidence to support it, and contrary to equity and the justice of the case.

(7.) Because the verdict is contrary to law and the charge of the court.

These grounds of alleged error make the questions we are called upon to review.

1. Was there error in the court's refusing to give in charge the written request of plaintiff as set forth in the first ground of the motion? A partnership may be created either by written or parol contract, or it may arise from a joint ownership, use and profits of undivided property, real or personal. Code, §1887. What constitutes a partnership as to third persons? A joint interest in the partnership property or a joint interest in the profits and losses of the business. Code, §1890.

We are not prepared to hold that the court erred in refusing to give the first request asked for by plaintiff's counsel, to-wit: "If Paschal and Neal entered into an agreement whereby Neal was to furnish the money to do business and Paschal was to carry on the business, and Neal was to have his goods at cost, and nothing was said as to interest or profits or loss, then the law will constitute them partners." If this was the contract between the parties, and nothing more, then the legal effect of such a contract would be a loan by Neal to Paschal of the amount advanced, and the use of it to be compensated for by Paschal furnishing Neal goods at cost prices. Now if Neal had agreed to receive a portion of the net profits for the use of his money advanced, it would be a partnership as to third persons. But one who loans money to a firm or to another, and is to receive therefor a fixed interest, or his purchase of goods at cost prices, this would not constitute him a partner as to third persons, because there is no mutuality of profit with the firm and no general participation in its casual and indefinite profits. Story on Part., 66; Collyer on Part.

"The true distinction," says Mr. Story, "by which we are to distinguish cases of this kind from cases where there is a partnership as to third persons, is to ascertain whether

the one advancing money or property to the other (whose partner he is alleged to be) is to receive a share of the profits, as profits, as a compensation for his advance, that is, is his compensation for such advance casual, indefinite and dependent upon the accidents of trade, or is it certain and defined? In the former case it is a partnership, in the latter it is a loan. Story on Part., 67; 8 *Ga.*, 288-9.

2. The second ground of error assigned is the court's refusing to give in charge the whole of the second request asked by counsel for plaintiff in error. That is, "If Paschal represented to Slade that Neal was his partner, and on the strength of this representation, plaintiffs loaned them money, and if Slade told Neal of these representations, and he made no denial of them, then Neal is liable;" thus far the court charged, but the conclusion of the request the court did not give, to-wit: "And his (Neal's) liability relates back to the time when the representations were made, or the first money loaned on the strength of them." There can be no question that the request asked for, and so far as given, is a correct rule of law.

It cannot be doubted, if Paschal represented to Slade that Neal was his partner, and when Slade told Neal of this he made no denial of the fact, and money was advanced by Slade upon the faith of this representation, that he (Neal) would be liable; but the court refused to charge when this liability began, and refused to charge that he was liable for money loaned on the strength of these representations. If Neal, by his silence, acquiesced in the representations made by Paschal to Slade, he certainly admitted their truth when they were made, and if this be so, his liability commenced then, if at all, and beyond question his liability existed for the first money loaned on the strength of them. To charge that, on the hypothesis stated in the request, Neal was liable, and then to refuse to charge that he would be liable from the time of the representation or for the first money loaned on the

strength of them, is to refuse to apply the principle he recognized to the facts claimed to have been proved in the case. To charge an abstract principle of law is well enough, but when the request goes further and seeks a charge that applies that principle to the facts of the case, if the proof justifies its application, to refuse it is error, An abstract principle given may make but a slight impression on a jury, but when it is applied hypothetically to the facts, it aids the jury to a correct result, and is one of the most potent means in the hands of the court of having the law applicable to the facts fairly administered. To charge on the hypothesis stated in the request, that Neal was liable, and yet to refuse to charge, " that his liability related back to the time when the representation was made, or for money advanced on the strength of them," is to deny to plaintiffs in error the benefit of the principle they had thus invoked.

The remaining question is, was the verdict contrary to the evidence?

As the case, under our view of the law, must undergo another investigation, we forbear to express any opinion on this ground of alleged error set forth in the record.

But we may add, one may not only be liable as a partner who makes himself so by contract, express or implied, or by an interest in the profits and losses, but he may become liable as such as to third persons, by holding himself out to the world as such, even though they stipulate as between themselves not to be partners. For if a person suffer his name to be used in a business, or otherwise hold himself out as a partner, he is to be so considered, whatever may be the agreement between him and the other partner; in such case he will be equally responsible with the others. When Neal borrowed of plaintiffs the $1,500.00 for which he gave his own note, if subsequently on its maturity he had the same charged to the account of Paschal, agent, and plaintiffs so charged the same under the belief that he was a partner, and Neal was apprised of

that fact, then he would be responsible for the amount so charged, as a partner of Paschal, whatever might be the relation they bore to each other as between themselves. Under our view of the law and facts of this case and the refusal of the court to give the written charge as requested, we are of opinion a new trial should be granted.

Let the judgment below be reversed.