### W. D. WILSON PRINTING-INK Co., Limited, *v.* BOWKER.

*(Common Pleas of New York City and County, General Term.*   June 1, 1891.)

PARTNERSHIP—SECRET PARTNER—PARTICIPATION IN PROFITS.

> Where a person hires a chattel to another, and agrees to accept a share of its earnings in the business in which it is employed in consideration thereof, he cannot be held liable upon a note to which he is not a party, executed by the bailee, upon the ground of a partnership arising from his participation in the profits of the bailee's business.

Appeal from city court, general term.

Action by W. D. Wilson Printing-Ink Company, Limited, against Richard R. Bowker, on a note of which plaintiff was payee and "Hoffman Press" maker. The wife of Louis J. Hoffman was owner of the business carried on in the name of the "Hoffman Press." It is not apparent that the defendant ever took part in the conduct and management of the Hoffman Press business, or that he ever held himself out as a partner in that business; but the court below held him liable on the note, as a partner in the business, by virtue of his having "let" to the Hoffman Press two printing-presses, "at the rate of six per cent. interest on actual cost, with ten per cent. on same for wear and tear, actual insurance, and half profit on same after deducting rent, labor, ink, and other necessary expenses." From a judgment affirming judgment on a verdict directed by the court at trial term, and from an order denying a motion for a new trial, defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Edward M. Shepard*, for appellant.   *Philip Carpenter*, for respondent.

PRYOR, J.   In the absence of an estoppel, no man can be charged with liability on a contract to which he is not a party, either immediately or mediately, either personally or by act of a duly-authorized representative.   It is not pretended that the appellant has precluded himself from disputing his responsibility on the note by assuming the relation of an ostensible partner, but his liability is inferred from the postulate that he was an actual partner in the business of the Hoffman Press.   Was he such partner?   The learned trial judge directed a verdict for the plaintiff on the ground that "sharing in the profits was sufficient to constitute a partnership as to third persons," and for the same reason the judgment was affirmed on appeal to the general term of the court below.   In *Grace* v. *Smith*, 2 W. Bl. 998, and in *Waugh* v. *Carver*, 2 H. Bl. 235, it was held that participation in the profits of a partnership raises an irrebuttable presumption of liability for the debts of the partnership; for the reason that, by taking a part of the profits, the defendant diminishes the fund to which the creditors of the firm must have recourse for satisfaction of their demands.   The argument involves an obvious fallacy; for—*First*, it assumes that the portion of profits which the defendant takes by so much reduces the resources of the business, whereas the presumption is that the loan, service, or other consideration in requital of which he is paid, augmented those recourses to the extent of his share in the dividend; and, *secondly*, if every payment by which the funds of the firm are diminished makes the payee a partner, then every servant and agent of the partnership is responsible for its obligations,—a palpable *reductio ad absurdum*.   From the principle that one who receives a part of the profits *is* a partner *as* to the third persons, the inference was deduced that so, also, is one who merely stipulates for such participation,—although this extension of the rule has not for support the reason assigned for the original proposition, namely, an actual diminution of the firm assets.   Unsatisfactory as was the argument for the conclusion, nevertheless it was long the law of England that an interest in the profits of a partnership imposed a liability for the partnership obligations, and the principle was generally prevalent in the courts of this country.   But in 1860 the rule and the reason of it underwent a searching scrutiny in the house of lords,

under the criticism of Lord Chancellor CAMPBELL, and the Ex-Chancellors. BROUGHAM, CRANWORTH, and WENSLEYDALE, with the result that the doctrine was utterly exploded as a principle of English jurisprudence. *Cox* v. *Hickman*, 8 H. L. Cas. 268. The question on the present appeal is, does the principle prevail as a rule of law in the state of New York? The appellant was held liable on a note to which he was not in fact a party, either directly or indirectly, because, and merely because, in return for the hire of a chattel to the maker, he had stipulated for a part of the profits that might be earned by the use of the chattel in the bailee's business. It is the law of this state, as declared by the court of appeals, that a right to a share of the profits in compensation of services rendered to the partnership does not involve a liability for the partnership engagements. *Cassidy* v. *Hall*, 97 N. Y. 159, 168; *Leggett* v. *Hyde*, 58 N. Y. 272. And so of a loan of money to the partnership for a part of the profits. *Curry* v. *Fowler*, 87 N. Y. 33; *Richardson* v. *Hughitt*, 76 N. Y. 55; *Keogh* v. *Minrath*, 8 N. Y. Supp. 816; *Eager* v. *Crawford*, 76 N. Y. 97. And see *Smelting Co.* v. *Smith*, 13 R. I. 27; *Ford* v. *Smith*, 27 Wis. 261; *Ruddick* v. *Otis*, 33 Iowa, 402; *Beckwith* v. *Talbot*, 2 Colo. 639; *Dale* v. *Pierce*, 85 Pa. St. 474; *Sangston* v. *Hack*, 52 Md. 173; *Slade* v. *Paschal*, 67 Ga. 541; *Flint* v. *Marble Works*, 53 Vt. 669; *Austin* v. *Thomson*, 45 N. H. 113; *Oliver* v. *Gray*, 4 Ark. 425; *Smith* v. *Knight*, 71 Ill. 148; *Bradley* v. *White*, 10 Metc. (Mass.) 303; *Culley* v. *Edwards*, 44 Ark. 423. The rule, therefore, upon which the court below decided the case against the appellant, namely, that a sharing of profits constitutes partnership as to third persons, is not the law of New York or of other states. The question, then, is, does the fact that profits are to be paid for the hire of a chattel for the partnership business modify the principle? Is it possible to distinguish between the letting of a chattel and the loan of money or the hire of services? Equally with the chattel, the money and the services are employed in the business of the partnership; and, if the taking of profits for the use of the latter does not impose a partnership liability, why should the taking of profits for the use of the former? A difference between the cases is inconceivable. "An indefinite compensation out of the profits for the use of property, real or personal, and dependent on the success of the business, is in lieu of rent, and does not constitute the owner a partner *inter se*. Nor liable as partner to third persons because of sharing the profits, for exactly the same reason that protects an employe when so paid." 1 Bates, Partn. 61; *Newspaper Co.* v. *Farrell*, 88 Mo. 594; *McDonnell* v. *Battle House Co.*, 67 Ala. 90; *Holmes* v. *Railroad Corp.*, 5 Gray, 58; *Thayer* v. *Augustine*, 55 Mich. 187, 20 N. W. Rep. 898. For affirmance of the judgment the respondent relies on *Bank* v. *Gallaudet*, 122 N. Y. 655, 25 N. E. Rep. 909; *Hackett* v. *Stanley*, 115 N. Y. 625, 22 N. E. Rep. 745; *Leggett* v. *Hyde*, 58 N. Y. 272; and *Brass, etc., Co.* v. *Sears*, 45 N. Y. 797. But it is obvious upon examination that each of those cases is essentially distinguishable from the one under review. In *Bank* v. *Gallaudet* there was not only a participation of profits, but a joint interest in the patent, the subject-matter of the partnership; and the court said: "The evidence warranted the inference of a partnership. Such relation arises from a business jointly carried on by persons pursuant to an arrangement that they are to share in the profits as such. The fact, however, that a person is to receive a portion of the profits may be dependent upon a right so qualified by the arrangement, or controlled by the circumstances under which they are to be received, as to furnish no evidence of partnership." In the case at bar there was no joint interest in the presses let to hire, nor any stipulation for profits as such, but as rent for the use of the presses. The citation plainly sustains the appellant's contention. In *Hackett* v. *Stanley*, the court placed the liability of the defendant upon the grounds—*First*, that the contract contemplated that he was to bear a proportionate share of the losses of the business; and, *secondly*, that, even after the repayment of his loan, he was still to receive one-

half the profits of the business,—facts clearly implying a partnership, but not apparent in the case at bar. In *Leggett* v. *Hyde* the defendant was not only entitled to demand one-third of the profits every half year, but those profits were designated specifically as profits of "capital in the business,"—a fact distinguished by the court as the *ratio decidendi.* In *Brass, etc., Co.* v. *Sears,* as in *Bank* v. *Gallaudet,* the parties were "joint owners" of the patent-right; and the profits were to be paid as such, and not as mere compensation for the advance, whereas here the defendant was the sole owner of the presses; they were merely "let," and the share of profits was to be received as payment for their hire. The question presented is not free from doubt, and the learned court below are not without argument and authority for their position; still, upon a critical consideration of the cases, we are of opinion that the preponderance of reason and precedent is with the appellant, and that he is not liable as a partner. Judgment reversed, and new trial, costs to abide event.

All concur.