### WINNE v. BRUNDAGE et al.

(Supreme Court, Trial Term, New York County. June 25, 1896.)

PARTNERSHIP—WHEN RELATION EXISTS.

　　Defendant and R. entered into an agreement by which R. agreed to negotiate the sale of defendant's promissory notes in a certain amount, according to defendant's financial requirements, receiving as compensation a commission of two-thirds of 1 per cent., a brokerage of one-fourth of 1 per cent., and 25 per cent of the net profits of defendant's business. The agreement was to continue for one year unless sooner terminated by mutual consent, or by either party on 30 days' notice. R. was to have no part in the management of the business, and his share in the profits was to terminate with the termination of his employment. *Held*, that this agreement did not create a partnership, so as to render R. liable for debts incurred by defendant in the business.

Action by David P. Winne against Percy H. Brundage and another for goods sold to defendants as partners.　Judgment for defendant Ross.

Henry Hoyt, for plaintiff.
R. H. Arnold and F. Pierce, for defendant Ross.
　　v.40 N.Y.s.no.2—15

McADAM, J. The goods were purchased by the defendant Brundage in his individual name, and, in order to hold the co-defendant, Ross, it is necessary for the plaintiff to establish a partnership between the defendants, and that they, as members of the firm, got the benefit of the purchase. It is not claimed that there was any holding out by Ross, so as to make him, on the theory of estoppel, a partner of Brundage. The question, therefore, is whether the relations existing between the defendants made them partners as to creditors of the firm. In the agreement between the defendants, Ross agrees to negotiate the sale of the promissory notes of Brundage to the extent of $5,000, such notes to be issued according to the financial requirements of Brundage; and Brundage agrees to pay to Ross, in addition to the discount, a commission of two-thirds of 1 per cent., with a brokerage of one-fourth of 1 per cent., and as further compensation a sum equal to 25 per cent. of the net profits of the business of said Brundage, after the legitimate charges thereof are paid, together with $3,600 per annum for Brundage's services. One year from February 1, 1886, is fixed as the life of the agreement, unless thereafter continued by mutual consent, or terminated by either party giving 30 days' notice to the other; and, in case of termination, Ross' interest should cease upon receiving back his advances, etc. It will be observed that the agreement does not limit the use of the money to the business. It is to be supplied according to Brundage's requirements. Ross is to have no part in the management or supervision of the business, or in securing sales therefor; nor had he an irrevocable right to profits so long as the business was carried on. In these respects the case differs from Hackett v. Stanley, 115 N. Y. 625, 22 N. E. 745, in which the defendant was held liable as a partner as to creditors. There the court, at page 629, 115 N. Y., and page 745, 22 N. E., said:

"Exceptions to the rule are, however, found in cases where a share in profits is contracted to be paid, as a measure of compensation * * * for the use of moneys loaned in aid of the enterprise; but, when the agreement extends beyond this, and provides for a proprietary interest in the profits as a compensation for money advanced and time and services bestowed as a principal in its prosecution, we think that the rule still requires such party to be held as a partner."

The authorities bearing on the question are close, and persons, by taking part of the profits of a business, have been held to have made themselves partners as to creditors, though they did not mean to be partners at all, and were not partners inter sese. Manufacturing Co. v. Sears, 45 N. Y. 797; Leggett v. Hyde, 58 N. Y. 279. The present contention seems to fall within the exceptions stated in Hackett v. Stanley, supra, and is therefore controlled by Richardson v. Hughitt, 76 N. Y. 55; Eager v. Crawford, Id. 97; Curry v. Fowler, 87 N. Y. 33; Cassidy v. Hall, 97 N. Y. 159; Salter v. Ham, 31 N. Y. 321; and Printing Co. v. Bowker, 15 N. Y. Supp. 293,—which lay down the rule that where a party is only interested in the profits of a business as a means of compensation for services rendered or for money advanced, he is not a partner even as to creditors.

There must be judgment for the defendant Ross.