### HULL v. BARTH et al.

(Supreme Court, Appellate Division, First Department. February 10, 1899.)

PARTNERSHIP—JOINT ENTERPRISE—AGREEMENTS—CONSTRUCTION—LOSSES—LIABILITY AS TO THIRD PERSON.

> B. leased an hotel for the season of 1897 to S., for 15 per cent. of the gross receipts, S. to conduct the business in his own name, and pay all expenses. The lease also provided that he should not contract any debt for which B. might be held responsible, nor use B.'s name without written authority. It was subsequently agreed that B. should furnish the capital required to maintain the hotel during the season, for one-fourth the net profits, after the terms of the lease had been complied with; that he should have custody of all moneys and receipts; sign all checks; and that no division of profits should be made until the books showed a profit had been earned. *Held*, that B. was a partner in the business as to third persons, though he made no agreement to contribute to losses.

Appeal from special term.

Action by Joseph T. Hull against John C. Barth and John Spitler. From a judgment dismissing plaintiff's complaint, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

A. B. Cruikshank, for appellant.

W. J. Lippman, for respondents.

VAN BRUNT, P. J. This action was brought to recover against the defendants, as co-partners, for goods furnished for use at the Ocean Hotel, at Long Branch, N. J. On the 24th of February, 1897,

the defendant Barth leased to his co-defendant, John Spitler, certain premises at Long Branch, in the state of New Jersey, known as the "Ocean Hotel Property," for the summer season of 1897. By said lease, Spitler agreed to open the hotel for business not later than the 27th of June, 1897, and to keep the same open, at least, until the 1st of September, 1897, and not later than the 15th of October, 1897. Said lease also provided that, as rental for said property, said Spitler would pay 15 per cent. of the gross receipts of the business, and covenanted that during the months of July and August such gross receipts should be a certain sum. It was further provided that Spitler should carry on said hotel business in his own name, and pay all expenses thereof, and should not contract any indebtedness or liability of any kind whatsoever for which the defendant Barth might in any way be held liable or responsible, and that he should not use the name of said Barth in any manner whatever in said business without the written authority of said Barth. On the 2d of March, 1897, the parties entered into a further agreement, by which Barth agreed to supply all the capital required to open and maintain the Ocean Hotel at Long Branch during the summer season of 1897, in consideration of which he was to receive one-fourth of the net profits arising from said business after the terms of the lease above mentioned should have been complied with. The agreement further provided that all moneys and receipts should be in the custody of Barth, who should keep proper and true account of same, and sign all checks. No division of profits was to be made until it was shown by the books that a profit had been earned, and Spitler was to give his entire time to the management of said hotel business from the 1st of April, 1897, till September 1, 1897, and in the division of profits was to receive three-fourths of the net profits after the terms of the lease should have been complied with. Spitler was to be entitled to draw money from time to time to meet his necessary expenses, not to exceed $25 a week, and all amounts so drawn to be charged to his account, and deducted from the amount due him at final settlement. The hotel was opened under the agreement above mentioned, and the plaintiff delivered groceries for the said business, and this action was brought to recover the balance unpaid.

Upon the trial of the action, the complaint was dismissed, apparently upon the ground that there was no agreement upon the part of Barth to contribute to the losses of the business. It seems to have been settled as the law of this state since the decision of Manufacturing Co. v. Sears, 45 N. Y. 797, that such a provision in an agreement is not necessary to constitute a partnership; that participation in the profits, as such, is sufficient to make a party liable as a co-partner. It is true that, where a party is only interested in the profits of a business as a means of compensation for services rendered or for money advanced, he is not a partner. Cassidy v. Hall, 97 N. Y. 159, and Richardson v. Hughitt, 76 N. Y. 55, and other cases which might be cited. The principle established by those cases is that a loan may be made to a partnership firm on conditions by which the lender may secure a limited or qualified

interest in certain profits of the firm, without making him a partner in its general business. But that is not the case at bar. The defendant Barth was to furnish the capital of the business as such; he was to receive an interest in the profits as such; he was to have a certain control and management of the business, being entitled to receive all the moneys of the business; and he was to sign all checks. These features bring the case clearly within the principle laid down in Hackett v. Stanley, 115 N. Y. 625, 22 N. E. 745. It is difficult to see what the defendant could do in addition to the things above mentioned to constitute himself a co-partner, unless it was to enter into an agreement to share in the losses; and that has long been decided not to be a necessary element in an arrangement which makes parties co-partners.

It is urged that under the lease, there being express stipulations against the defendant Barth being considered as a co-partner, he could not be held as such by anything therein contained. This may be true; but the agreement by which Barth was to furnish the capital of the business was entered into after the lease, and none of the restrictions of the lease were imported into it. It may well be doubted whether parties can enter into any agreement by which they are to conduct a business for their mutual advantage, and merely because, as between themselves, they agreed not to be partners, they can restrict their liability in respect to such business as to third persons.

We think that the court erred in dismissing the complaint, and that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.