WOLF v. LAWRENCE et al.

(Supreme Court, Appellate Term. December 26, 1900.)

PARTNERSHIP—EXISTENCE—PROOF—DIVIDING PROFITS.
　　In an action against K. and L. as partners, L. testified that he and K. four or five years ago made a verbal agreement to divide the proceeds of the business after deducting the expenses, and that since that time they had conducted the business in accordance with such agreement, but that

there was no partnership between them. *Held*, that the evidence established existence of a partnership.

Appeal from municipal court, borough of Manhattan, Ninth district.

Action by Arthur J. Wolf against William M. Lawrence and another. From that part of the judgment dismissing the action as to defendant Lawrence, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Horace C. Skelly, for appellant.
James Kearney, for respondent.


O'GORMAN, J. The defendants were engaged in business as real-estate and loan brokers, and this action is brought to recover a balance due for services rendered by the plaintiff as a clerk under a specified salary. Upon conflicting evidence the plaintiff recovered judgment against the defendant Kenelly, but the complaint was dismissed as to the defendant Lawrence upon the ground that the latter was not a partner of his co-defendant. The plaintiff appeals from so much of the judgment as dismisses the complaint.

While the plaintiff testified respecting admissions made by the respondent in which he declared that he was a partner of the defendant Kenelly, the trial justice, in view of the respondent's denial of such admissions, was justified in ignoring them; but the evidence of the defendant Lawrence, as disclosed by the record, supplied all the essentials of an agreement of co-partnership between him and his co-defendant. He testified:

"I have been associated with him [the defendant Kenelly] in business for about ten years, and about four or five years ago we made an arrangement—I had nothing to do with the running expenses of the office, but the arrangement was that we should divide expenses, and divide what business came into the office."

He further testified that under this agreement all the proceeds were divided equally between him and his co-defendant after the expenses incident to the running of the office were deducted. He also stated that this agreement was not in writing, and that there never was a co-partnership between them. This latter statement, however, is but the witness' characterization of the relation existing between him and his co-defendant, and is not sufficient to disturb the legal consequences necessarily resulting from the manner in which they actually conducted their business affairs. As a rule the participation in the profits of an enterprise, as such, is sufficient to make a party liable as a co-partner, and the sharing of losses is not a necessary element. As stated in Heye v. Tilford, 2 App. Div. 346, 37 N. Y. Supp. 751:

"Individuals may be charged as partners, as to third persons, by voluntarily and knowingly sharing in the profits of a business, or by holding themselves out as partners, and thus inducing a credit on the faith of the supposed copartnership."

This rule, however, does not apply where it appears that the person is interested in the profits only as a means of compensation for

services rendered. Hull v. Barth, 37 App. Div. 361, 55 N. Y. Supp. 1103; Hackett v. Stanley, 115 N. Y. 625, 22 N. E. 745.

It is quite obvious, therefore, that the evidence of the respondent establishes his own liability in this case. It is not pretended that his share of the profits in the enterprise was by way of compensation. No such suggestion appears in the record before us. The dismissal of the complaint was therefore erroneous, and as to him the judgment must be reversed, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.