### NORMENT v. WITTMANN.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. PARTNERSHIP (§ 11*)—RELATION—INTEREST IN PROFITS AND LOSSES.

An oral agreement between defendant's intestate and another to buy and breed high-grade cattle, with reimbursement for all expenses and a share in the profits, constituted a partnership as to third persons; it not being necessary that the agreement should be to share in losses also.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 26; Dec. Dig. § 11.*]

2. PARTNERSHIP (§ 258*)—INSOLVENCY OF SURVIVING PARTNER—LIABILITY OF ESTATE OF DECEASED PARTNER.

Evidence in an action against the estate of a deceased partner upon notes made in the name of the firm *held* sufficient to show that the surviving partner was insolvent, so as to render the estate liable.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 564–576, 578–598; Dec. Dig. § 258.*]

Appeal from Special Term, New York County.

Action by James W. Norment against Eleanor C. Wittmann, as administratrix of the estate of Henry S. Van Beuren, deceased. From

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a judgment dismissing the complaint upon the merits after trial; plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William J. Dawley, of New York City, for appellant.
William Mitchell, of New York City, for respondent.

McLAUGHLIN, J. This action is brought upon two promissory notes aggregating $492.25, which were made in the name of a firm of which defendant's intestate, Henry S. Van Beuren, is alleged to have been a member. At the close of the trial the court dismissed the complaint on the merits, upon the ground that the evidence failed to establish that defendant's intestate was a partner in the alleged firm, and, if it did, that the action could not be sustained because it did not appear that the surviving partner was insolvent. The appeal, therefore, presents two questions: (1) Whether there is evidence to sustain a finding that Van Beuren was a partner; and (2) whether the surviving partner is solvent.

The notes were signed "B. B. & H. T. Groom, Mgrs.," under which name, according to the testimony, H. T. Groom and Henry C. Van Beuren were engaged in raising cattle in the states of Mississippi and Texas. The notes in suit were made and delivered by H. T. Groom— one to the plaintiff and the other to a third party who has since transferred it to him—in payment for hay and supplies furnished to the business of the alleged firm. Upon the issue of the existence of the partnership between H. T. Groom and defendant's intestate, the former's deposition was taken, but such portion of it as related to personal transactions with the decedent, plaintiff's counsel conceded at the trial, were inadmissible under section 829 of the Code of Civil Procedure.

[1] It is undisputed that B. B. Groom had no connection with the concern and he was not called as a witness, nor his deposition read. There was, however, put in evidence a portion of a deposition made by the decedent himself in a previous action, where, in answer to questions as to his connection with H. T. Groom or B. B. & H. T. Groom, Mgrs., he said:

"I have an agreement with H. T. Groom to buy and breed high-grade cattle. The agreement, which was oral, was that I was to be reimbursed for all disbursements made, and both of us were to share in profits that might accrue."

It is fairly to be inferred from the testimony that the notes were given in payment of feed furnished for cattle thus raised. This statement by the intestate as to his connection with B. B. & H. T. Groom, Mgrs., was in no way contradicted or explained by the defendant. It was therefore prima facie sufficient to prove the existence of the partnership, and that defendant's intestate was a member of it. An agreement for sharing in the profits of a business is sufficient to constitute a partnership as to third persons (Hackett v. Stanley, 115 N. Y. 625, 22 N. E. 745; Leggett v. Hyde, 58 N. Y. 272, 17 Am. Rep. 244; Hull

v. Barth, 48 App. Div. 590, 62 N. Y. Supp. 946), and it is not necessary that the agreement should be to share in losses also (Manhattan Brass & Mfg. Co. v. Sears, 45 N. Y. 797, 6 Am. Rep. 177).

[2] As to the insolvency of the surviving partner, at the beginning of the trial, plaintiff's counsel conceded that, in order to recover, it would be necessary for him to prove, not only the existence of the partnership, but that the surviving partner was insolvent. The complaint alleged that both H. T. Groom individually and the partnership were insolvent, unless the latter owned certain lands in Texas which were claimed by the defendant as part of the individual estate of Van Beuren. The answer affirmatively alleged that the land referred to was owned by Van Beuren's estate, and denied that it was a partnership asset. The testimony clearly established that H. T. Groom was insolvent, unless he had an interest in such land. That he did not have such interest was admitted in the defendant's answer. Such fact was there affirmatively alleged, and that the same belonged solely to the estate of the intestate. It was therefore unnecessary for the plaintiff to show that Groom had no interest in such lands. Outside of this land, as indicated, the proof was amply sufficient to establish insolvency.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.