JOHN CURRY, Appellant, *v.* ANDERSON FOWLER, Impleaded, etc., Respondent.

Defendants, W. G. McC. and J. E. McC., and defendant F., entered into an agreement by which, after a recital that the former had purchased and were the owners of certain real estate, and were about to erect fifteen buildings thereon, F. agreed to advance $50,000 toward the purchase and the erection of said buildings, he to be allowed interest on the money advanced, and one-half the profits arising on sale, which the McC's covenanted should be at least $12,500; the amount of the advances and of the guaranteed profits, to be secured by bond and mortgage. The advances were made and the mortgages given as agreed. In an action to recover for work and materials furnished in erecting the buildings under a contract with the McC's, in which F. was sought to be charged as a partner, *held,* that the agreement did not make F. liable to third persons as a partner; and that the complaint was properly dismissed as to him.

(Argued October 20, 1881 ; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

May 3, 1880, which affirmed a judgment in favor of defendant Fowler, entered upon an order dismissing the complaint as to him. (Reported below, 14 J. & S. 195.)

This action was brought to recover the amount of a bill for work and materials furnished in the erection of houses upon certain premises in the city of New York, under a contract with the firm of W. G. and J. E. McCormack, of which firm plaintiff alleged that defendant Fowler was a partner. His liability as such was claimed to arise under an agreement between him and the other defendants the McCormacks, the material portions of which are as follows:

" Whereas, William G. McCormack and Joseph E. McCormack have purchased and are the owners in fee of a plat of land on the north-east corner of Fourth avenue and Sixty-second street, in the city of New York, said land extending two hundred and fifty-five feet easterly on said Sixty-second street, and being sixty feet in width on the Fourth avenue, and seventy-four feet in width on the easterly side, the cost or price of said land being $80,000 ;

And whereas, the said land is subject to two mortgages thereon, and together amounting to the sum of $63,000 ;

And the said William G. McCormack and Joseph E. McCormack have paid on said purchase the sum of $17,000 ;

And whereas, the said William G. McCormack and Joseph E. McCormack are about to erect fifteen houses on the said land ;

And whereas, in consideration of a share in the profits of the said purchase and buildings of the said fifteen houses thereon, Anderson Fowler has agreed to advance $50,000 thereon, in cash, toward the same ;

Now, therefore, this agreement witnesseth, that the said Anderson Fowler, in order to carry into effect the said agreement, and in consideration of the covenants herein contained on the part of the said William G. and Joseph E. McCormack, hereby agrees to advance to the said William G. and Joseph E. McCormack the sum of $50,000 toward the purchase and erection of the said buildings. The said sum of $50,000 to be advanced from time to time, as the said William G. and Joseph E. Mc-

Cormack may require, but no portion thereof to be required by them until they have expended an amount equal to the sum demanded of the said Anderson Fowler.

And the said William G. and Joseph E. McCormack, in consideration of the advance of the said sum of $50,000, hereby agree to share the profits of the said purchase and buildings with the said Anderson Fowler as hereinafter stated.

The said Anderson Fowler to be allowed interest on all advances of said sum of $50,000 from the time of each of the advances until the sale of the houses to be erected on said land, and division of the profits. And the said William G. and Joseph E. McCormack hereby agree and covenant that the share of the profits of the said Anderson Fowler in the said adventure shall be one-half thereof, and that such one-half of the profits of such adventure shall be equal to at least the sum of $12,500.

And the said William G. and Joseph E. McCormack agree to give as security for such advances their bond, secured by a mortgage upon the said premises, which bond and mortgage shall be delivered simultaneously with the execution and delivery of this agreement.

The said Fowler agreeing hereby to cancel said mortgage whenever the said William G. and Joseph E. McCormack shall be ready for obtaining a loan upon the said premises upon first bond and mortgage, and in lieu thereof, and as security for the guaranteed share, viz., $12,500 of the said profits, and the said sum of $50,000, to accept the bonds of said William G. and Joseph E. McCormack secured by mortgages upon a certain number, to be mutually agreed upon, of the houses to be built upon the land shown upon the annexed diagram by the numbers          , which last-mentioned mortgages are to be second mortgages and subject to such first mortgage on said houses and lots as the said William G. and Joseph E. McCormack may be able to obtain from any institution. The aggregate amount of such first mortgage not to exceed $150,000.

The said last-mentioned mortgages taken by Anderson Fowler to be paid off when the houses covered thereby are sold."

The further facts are stated in the opinion.

*Abner C. Thomas* for appellant. By the terms of his contract, Mr. Fowler stipulated for one-half the profits of the adventure as profits, and he is, therefore, a partner. (*Grace* v. *Smith*, 2 Blackst. 998 ; *Waugh* v. *Carver*, 2 H. Bl. 247 ; *Dob* v. *Halsey*, 16 Johns. 40 ; *Pott* v. *Eyton*, 3 Mann. Gr. & Scott, 32, 39 ; 3 Kent's Com. 27 ; *Heimstreet* v. *Howland*, 5 Denio, 68, 70 ; *Champion* v. *Bostwick*, 18 Wend. 175 ; 76 N. Y. 58 ; 1 Smith's Lead. Cas. [5th Am. ed.] 292 ; *Burnett* v. *Snyder*, 81 N. Y. 555 ; *Leggett* v. *Hyde*, 58 id. 272 ; *Manhattan Brass Co.* v. *Lears*, 45 id. 797 ; *Mason* v. *Partridge*, 66 id. 633 ; *Fitch* v. *Hall*, 14 How. 175 ; *Cushman* v. *Bailey*, 1 Hill, 526 ; *Walden* v. *Sherburne*, 15 Johns. 409 ; *Chase* v. *Barrett*, 4 Paige, 148 ; *Champion* v. *Bostwick*, 18 Wend. 175 ; *Everett* v. *Coe*, 5 Denio, 180 ; *Oakley* v. *Aspinwall*, 2 Sand. 7 ; *Catskill Bank* v. *Gray*, 14 Barb. 471 ; *Hodgman* v. *Smith*, 13 id. 302 ; *Burckle* v. *Eckhart*, 3 N. Y. 132.) If Mr. Fowler's agreement secured him a share of profits in consideration of an advance of capital out of which the profits were to be created, he will not be aided, as against creditors, by a stipulation made between him and the McCormacks, that all the loss is to fall upon them. (*Ontario Bk.* v. *Hennessy*, 48 N. Y. 45 ; 76 id. 58 ; *Pooley* v. *Driver*, 5 Ch. D. 458 ; 46 L. J. Ch. 466 ; *In re Megevand*, 7 Ch. D. 511, 516, 526.) Mr. Fowler constituted the McCormacks his agents with respect to the undertaking in which he was jointly interested with them, and he is, therefore, liable as a partner. (*Beecher* v. *Bush*, 23 Alb. L. J. 317 ; *Ontario Bk.* v. *Hennessey*, 48 N. Y. 545 ; *Leggett* v. *Hyde*, 58 id. 272 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30, 65, 73 ; *Baird's Case*, L. R., 5 Ch. App. 725, 733 ; *Greenwood's Case*, 3 De G., M. & G. 459, 476 ; *Edmunds* v. *Bushell*, L. R., 1 Q. B. 97 ; *King* v. *Sarria*, 69 N. Y. 24.) The pretense that the transaction was a loan of money is a mere sham, contrived to evade partnership liability and did not relieve Mr. Fowler. (Lindley on Partnership [4th Eng. ed.], 43 ; *Richardson* v. *Hughitt*, 76 N. Y. 55, 59 ; *Parker* v. *Canfield*, 37 Conn. 250–267 ; *Barry* v. *Nesham*, 3 M., G. & S. 641 ; *Bromley* v. *Elliot*, 38 N. H. 286–304.) The obtain-

ing of judgments upon the note of Joseph E. McCormack and upon the bond of the two McCormacks constituted no defense to Mr. Fowler, and the dismissal of the complaint cannot be sustained because of them. (*Davis* v. *Anable*, 2 Hill, 339; *First Nat. Bk. of Chittenango* v. *Morgan*, 73 N. Y. 593; *S. C.*, 6 Hun, 346; *Hawks* v. *Hinchcliff*, 17 Barb. 492; *Nicholson* v. *Leavitt*, 4 Sandf. 252; *Corn Exchange Ins. Co.* v. *Babcock*, 57 Barb. 231; *Drake* v. *Mitchell*, 3 East, 251; *Bank of Chenango* v. *Hyde*, 4 Cow. 567; *Butler* v. *Miller*, 5 Denio, 159; affirmed, 1 N. Y. 496; *Parker* v. *Canfield*, 37 Conn. 250.)

*Aaron Pennington Whitehead* for respondent. The defendant Fowler was not a partner in the firm of W. G. and J. E. McCormack, and is not liable for the plaintiff's claim. (*Richardson* v. *Hughitt*, 76 N. Y. 55; *Eager* v. *Crawford*, id. 97; *Fitch* v. *Hall*, 25 Barb. 13; *Burckle* v. *Eckart*, 1 Denio, 337; affirmed, 3 Comst. 132; *Vanderburg* v. *Hall*, 20 Wend. 70; *Lamb* v. *Grover*, 47 Barb. 317; *Turner* v. *Bissell*, 14 Pick. 192; *Denny* v. *Cabot*, 6 Metc. 82; *Loomis* v. *Marshall*, 12 Conn. 69; *Rice* v. *Austin*, 17 Mass. 197; *Gallop* v. *Newman*, 7 Pick. 282; *Heimstreet* v. *Howland*, 5 Denio, 68; *Smith* v. *Wright*, 5 Sandf. 113; *Merrick* v. *Gordon*, 20 N. Y. 93; *Wheatcroft* v. *Hickman*, 9 C. B. [N. S.] 47, 68, 92; *Lintner* v. *Milliken*, 47 Ill. 178; *Smith* v. *Vandenburg*, 40 id. 34; *Waugh* v. *Carver*, Smith's Lead. Cases [7th Am. ed.], 1308.)

MILLER, J. The plaintiff's claim to recover of the defendant Fowler depends upon the question whether, by the terms of the contract between Fowler and the McCormacks, Fowler had such an interest in the profits of the business of that firm as to render him liable jointly with them as a partner, for the amount of the plaintiff's demand.

By the agreement, which recited that the McCormacks were the owners of certain real estate therein mentioned, and were about to erect fifteen houses on the same, and in consideration

of a share in the profits of the purchase and building of the said houses, Fowler agreed to advance the sum of $50,000 toward the purchase and erection of the buildings from time to time, as required, and the McCormacks were to share the profits with Fowler, and he was to be allowed interest on the moneys advanced and one-half of the profits of the houses, when sold, which were to be equal to at least the sum of $12,500. The amount of the advances was to be secured by a bond and a mortgage on the premises. Fowler was also to take new second mortgages for his loan and the profits under the agreement, whenever the McCormacks should be ready to obtain a first loan on said premises, which said mortgages were to be paid off when the houses covered thereby were sold. All the mortgages called for by this agreement were executed and delivered, aggregating $62,500. Fowler having been advised that the taking of $12,500 was usurious, all of the mortgages were canceled and new mortgages given, amounting to only $50,000. In *Richardson* v. *Hughitt,* 76 N. Y. 55, it was held by this court that a person who has no interest in the business of a firm or in the capital invested, save that he is to receive a share of the profits as a compensation for services, or for money loaned for the benefit of the business, is not a partner and cannot be held liable as such by a creditor of the firm. The case cited is very similar in its leading aspects to the one at bar. In both cases money was advanced or loaned and security taken upon property; in the case cited upon personal property, and in the case at bar by a mortgage upon real estate. A percentage was to be paid in each case as interest, and in one of them one-fourth of the profits and in the other one-half thereof. The money was to be repaid to the party advancing the same, after a sale had been made of the property taken as security therefor. In the case cited, the borrower did not personally agree to pay the loan except from the proceeds realized upon the sale of the property, while here he was obligated to do so in any contingency, and in this respect the circumstances in the case at bar tend more strongly to establish that there was no copartnership. A distinction is recognized in the case cited between a provision

made as to the profits as a means of compensation for the use of the money advanced or loaned, and the receipt of the profits as a partner only ; and the question is considered and discussed whether the money was advanced by the defendant as a member of the firm, or a loan made where the profits were to be received as a measure of compensation for such loan. In the case at bar it is not claimed that the defendant took any part, or had any thing to do with the construction of the buildings, or any connection with the contract, except by the advancing of the money, and as that was all he did, there is no ground for claiming that, by reason of making a loan which related to a building contract, he became a partner with the builders. The case cited is directly in point, and we are unable to discover any such difference from the case at bar as would authorize us to disregard the principle which it establishes. We have examined the various grounds upon which it is claimed to be distinguished by the appellant's counsel, and are brought to the conclusion that none of them are well founded. The points urged in this connection are, so far as material, covered by what has already been remarked as to the similarity of the leading features of the contract here to that in the case cited, and the legal effect of its provisions as to the money advanced and the payment of the same, and the profits to be derived therefrom. In neither of the cases can it be urged on any reasonable ground that there was an attempt to evade responsibility as a partner while reaping the advantages of the copartnership, and the case cited is, we think, decisive, and the question presented must be considered as *res adjudicata.*

The judgment should be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.