## G. FREDERIC LINCOLN *vs.* THOMAS H. CRAIG *et als.*

A. sued B. and C. as copartners. The partnership was denied, and there was no direct evi-dence of its existence. B. was often in C.'s shop giving directions, but it appeared that machines were there building for B.'s employer and for B. himself, and it did not appear that B. was aware of any belief among the workmen that he was a partner.

*Held*, that B. could only be held as copartner on the ground of estoppel by conduct.

*Held*, further, that, the ground of liability being estoppel, one holding himself out as partner is liable as such only to those cognizant of his conduct and misled by it into making con-tracts.

*Held*, further, that A. could not maintain his action against B. as copartner.

DEFENDANTS' petition for a new trial.

*July* 13, 1889. DURFEE, C. J. The plaintiff recovered a ver-dict against Thomas H. Craig and Eugene F. Bowen, as copart-ners, for services rendered. He was hired by Craig. Bowen and Craig ask for a new trial on the ground that Bowen was not a copartner, and that the verdict against him as such is contrary to the evidence, and because of alleged erroneous rulings.

We do not think there is any evidence that Bowen was in fact a partner. If he is chargeable as such, it is because he either held himself out or suffered himself to be held out as such. There is some evidence that Craig said he was his partner, but that is not

enough, unless Bowen knew of and consented to his saying so, or at least did not dissent, when he should have dissented, from his saying so. We find no evidence to that effect. The only significant evidence against Bowen is, that he was often in Craig's shop, apparently overseeing the work, which was the manufacture of sewing machines, advising and directing the workmen. Bowen explained this by testifying that he acted for a Mr. Baxter, who had a contract for the machines, his charge as Baxter's agent being to make sure that the machines were all right before they were sent to him in Boston. The testimony is uncontradicted on this point and must be taken as true. He also testified that there was one machine making for himself. It does not appear there was anything said or done by him, while the business continued, which he might not properly have said or done as agent for Baxter, or, as respects said one machine, for himself. His name did not anywhere appear as partner.

We do not think the verdict is supported by the evidence. Bowen acted as it was natural for him to act in his employment. To make him liable as a partner, it is not enough that the plaintiff supposed him to be a partner, unless he did something which gave the plaintiff a right to suppose so. The ground of liability is estoppel by conduct, that is, by such conduct as reasonably imports membership in the firm. There was no such conduct on Bowen's part. It is true, a partner might have done what he did, but so might an overseer or foreman, or any person charged with the duty which he had to perform. Estoppel implies fault in the person estopped. It does not appear that Bowen knew that any of the workmen thought he was a partner, so that it became his duty to deny it. In *Cassidy* v. *Hall*, 97 N. Y. 159, 170, the members of a firm entered into a contract with a corporation that gave them an interest in promoting its business. The plaintiff Cassidy sought to charge them as partners with the corporation, but the court held that their giving directions to its employés, their efforts to get orders for it, to establish its credit and build up its business, were consistent with their contract, and could not be regarded as a holding themselves out to the world as partners. Bates on Partnership, §§ 90–99.

The ground of liability being estoppel, it follows that a person,

who holds himself out as a partner, makes himself liable as such only to persons who know of and are misled by it in contracting or giving credit.　　　　　　　　　　　　　　*Petition granted.*

　　*Ambrose E. West,* for plaintiff.

　　*William C. Baker,* for defendants.