THE FIRST NATIONAL BANK OF MERIDEN, Appellant, *v.*
PETER W. GALLAUDET, Respondent.

*Court of Appeals, December 2, 1890.*

Affirming 13 N. Y. St. Rep. 269.

*Partnership.*—Where the defendant's evidence tended to prove that two
persons acquired the right, and undertook to manufacture and sell
refrigerator machines, under an arrangement with the patentees to pay
a royalty therefor, and in pursuance of a previous arrangement between
themselves that one should furnish the money and credit to carry for-
ward the business, and the other should have the general management
of it, and that they should share the profits equally, and out of them
the money furnished should be repaid, it warranted, if taken as true,
the inference of a partnership between the parties, and a submission of
the question to the jury was proper.

Appeal from a judgment of the general term of the
superior court of the city of New York, affirming a judg-
ment entered upon a verdict.

*Wm. H. Arnoux*, for appellant.

*G. Elliott Minor*, for respondent.

BRADLEY, J.—There was evidence given on the part of
the defendant tending to prove that at the time the note was
made there was a partnership composed of Franklin Farrell
and William M. Babbott in a business enterprise of manu-
facturing and selling refrigerator machines. Such evidence
was to the effect that by contract with the owner of the
letters patent, they acquired an interest in the right to do
so, and undertook to manufacture and sell such apparatus
under an arrangement with such owners to give the latter a
portion of the profit by way of royalty; and that as between

Farrell and Babbot such contract was made pursuant to an arrangement between them that the former should furnish money and credit to carry forward the business, and the latter have the general management of it; that they should share equally in the profits, and out of them should be repaid the advances made by Farrell.   This evidence taken as true warranted the inference of a partnership between the parties.   Such relation arises from a business jointly carried on by persons pursuant to an arrangement between them that they are to share in the profits as such.   Manhattan B. & M. Co. *v.* Sears, 45 N. Y. 797; Burnett *v.* Snyder, 81 Id. 550; Leggett *v.* Hyde, 58 Id. 272.   The fact, however, that a person is to receive a portion of the profits may be dependent upon a right so qualified by the arrangement or controlled by the circumstances under which they are to be received, as to furnish no evidence of partnership. That is so when they are made the measure of compensation for services.   Cassidy *v.* Hall, 97 N. Y. 159; Richardson *v.* Hughitt, 76 Id. 55.   The weight of evidence arising from the fact that the evidence on the part of the plaintiff was distinctly to the effect that there was no partnership, is not here for consideration.   The question must be treated as one of fact for the jury.   And it was specially submitted to them, and they by their verdict answered in the affirmative. Upon that subject the court charged the jury that it was for them to determine whether there was an agreement between " Farrell and Babbott that they should do business jointly together in the adventure of manufacturing and selling ice machines."   If there was such an agreement there was a firm, and that firm was composed of Farrell and Babbott.

Exception was taken by the plaintiff.   This charge was quite comprehensive in its import, but it may be questionable whether it necessarily embraced all the elements requisite to the instruction given as matter of law in that respect.   Community of interest may not constitute a

partnership. Porter *v.* McClure, 15 Wend. 187; Sage *v.* Sherman, 2 N. Y. 427 ; Central City Savings Bank *v.* Walker, 66 Id. 428. The determination of the question presented by that exception is not deemed essential to the disposition of the case, and, therefore, no opinion is expressed upon it.

The defendant was a broker dealing in commercial paper, and known to be so by the plaintiff's cashier, who transacted the business of making the purchase of the note which was left with defendant by Babbott to sell for him. And the defendant testified that at the time of the sale he had a conversation with the cashier about who was the owner of the note, and "I told him the paper was brought to me by William M. Babbott to sell, and I was selling it for him." The court submitted to the jury the two following specific questions of fact :

1. Did the defendant state to Charles L. Rockwell (the cashier), at the time Rockwell purchased the note, that said Franklin Farrell & Co. consisted of Franklin Farrell of Ansonia, Connecticut, and William M. Babbott?

2. Did Gallaudet state to Rockwell at the time the note was purchased that he, Gallaudet, was selling the note for William M. Babbot?

The jury by their verdict answered the first of those questions in the negative, and the latter in the affirmative. Both findings had some evidence for their support, although they were the subject of conflict between the evidence of the defendant and Rockwell. And the contention of the plaintiff's counsel that those questions were erroneously submitted to the jury because the first was not within the issues presented by the pleadings, and the defendant was denied by his answer the benefit of the other, is not supported. The former was fairly within the issue presented by the pleadings, and substantially within that presented by the evidence; and, as to the latter, the defendant by his answer alleged that he made the sale of the note to the plaintiff " as agent or broker of W. M. Babbott, the payee

and endorser thereof ; and that the plaintiff then well knew that fact."

And in a subsequently numbered defense the defendant alleged, upon information and belief, that the statement that was made by the defendant "in reference to said note in the making or validity thereof was that the defendant was informed that the firm of Franklin Farrell & Co. consisted of said Farrell and said W. M. Babbott, or words to that effect, and no other." This allegation had reference to the note, and is not inconsistent with the fact that the defendant informed the cashier that he was selling it for Babbott, nor does it qualify the allegation of his agency and of the plaintiff's knowledge of it at the time of the sale of the note. The facts established by the verdict were that the defendant acted as the agent of Babbott in the transaction, and disclosed such agency and the name of his principal to the plaintiff at the time of the sale ; and that he made no representation to the effect that Farrell was partner of Babbott or a member of what purported to be a firm of Franklin Farrell & Co., relieved the defendant from liability for the causes alleged in the complaint. Nor, in view of the facts so found, was there any imputation of bad faith of the defendant in the transaction furnished by the evidence.

All the exceptions taken by the plaintiff have been carefully examined, and no error to the prejudice of the plaintiff is found in any of the rulings to which they were taken.

The judgment should be affirmed.

All concur, except HAIGHT, J., absent.