JOHN D. DEMAREST, Appellant, *v.* WILLIAM KOCH, Impleaded, etc., Respondent.

S. entered into a contract with K. whereby the former agreed to secure the title to a certain piece of land, subject to a purchase-money mortgage, procure a builder's loan, and erect two houses at her own expense thereon; K. to furnish one-half of all moneys in excess of said loan required to finish the houses. S. agreed when these were completed to convey one of them to K., by warranty deed, subject to the lien of one-half of said mortgages, or, in case the parties should elect to sell, upon a sale of both, to pay K. one-half of the net proceeds. The contract stated it to be the intent of the parties to equally divide any profits which might be realized by the sale of said buildings. S. executed to K. a mortgage on the premises to secure performance of the contract on her part. No sale of the property was made. In an action by one employed by S. to recover for work on the buildings, in which it was sought to hold K. responsible as a partner, *held,* that no partnership existed under the contract, as all it contains in relation to a sale or a division of profits is conditional upon the further agreement of the parties; that the transaction might be considered as a purchase by K. of a house under an executory contract of sale.

*It seems,* if the agreement had been one to build the houses, sell and divide the profits, this would not, of itself, establish a partnership.

(Argued October 29, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

March 5, 1890, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This was an action to recover for work upon certain buildings, and was brought against the defendants as copartners.

The facts, so far as material, are stated in the opinion.

*S. V. R. Cooper* for appellant. Mrs. Spaulding gave her bond and mortgage to Mr. Koch as security that she would carry out the agreement on her part, and it is fair to presume that the business was to be done in her name, and her name, to all intents and purposes, was the firm name. (*Ontario Bank* v. *Hennessey,* 48 N. Y. 545, 553, 554; *Leggett* v. *Hyde,* 58 id. 272; *M. N. Bank* v. *Gallaudet,* 120 id. 298; 66 id. 633; *Magovern* v. *Robertson,* 116 id. 61; Story on Part. §§ 18, 33, 34; Collyer on Part. §§ 10, 40; *Chase* v. *Barrett,* 4 Paige, 148; *Dob* v. *Halsey,* 16 Johns. 34; *Hackett* v. *Stanley,* 115 N. Y. 625.)

*William H. Ford* for respondent. Defendant Koch being interested in the profits of this business venture as a means of compensation for money advanced, is not a partner. (*Richardson* v. *Hughitt,* 76 N. Y. 55; *Curry* v. *Fowler,* 87 id. 33; *Cassidy* v. *Hall,* 97 id. 159; *Eager* v. *Crawford,* 76 id. 197; *Chase* v. *Ewing,* 51 Barb. 612.) Participation in profits is not the only element to be considered in determining whether the relation of copartners exists by virtue of an agreement. The right or duty to participate in the management of a business as a principal is a well recognized test. (*Hackett* v. *Stanley,* 115 N. Y. 625; 3 Kent's Comm. 23; *Richardson* v. *Hughitt,* 76 N. Y. 55; *Munro* v. *Whitman,* 8 Hun, 555.) Assuming that the defendants were partners, the defendant Koch is not liable on the contract in evidence between the plaintiff and defendant Rosanna Spaulding. It is her contract and she alone is liable on it. (Story on Part. § 134; *Briggs* v. *Partridge,* 64 N. Y. 357; *Bank of Salem* v. *Thomas,* 47 id. 15.)

RUGER, Ch. J.   The question presented in this case is, whether William Koch was a partner with Rosanna Spaulding, his co-defendant, in the business of building certain houses in New York.   The referee having found, as a question of fact, that he was not such partner, and the General Term having refused to interfere with this finding, we are concluded thereby, unless some error of law, committed by the trial court, appears in the case.

It is claimed by the appellant that the terms of the contract between Mrs. Spaulding and Koch, necessarily created a partnership between the parties, and show an error of law. It, therefore, becomes necessary to consider the provisions of that contract.   As by the terms of a contract made by her with Koch, Mrs. Spaulding became bound to the performance of a previous contract in relation to the same matter between her husband and Koch, and made that contract her contract, it will be convienient hereafter to avoid reference to the husband and speak of the contracts between Koch and Mrs. Spaulding as being contained in one instrument executed by them respectively.   By these contracts, Mrs. Spaulding agreed to secure the title to a certain piece of land seventy-five feet front and one hundred feet and five inches deep, on Fifteenth street in New York, subject to a purchase-money mortgage of seventy-two thousand dollars; and also to procure a builder's loan of fifty thousand dollars on such property and erect two houses thereon, to be finished by a specified day.   Koch agreed to furnish one-half of all the money, in excess of the fifty thousand dollars, which was necessary to construct and finish the buildings, and all of such moneys were to be devoted, unconditionally, to the construction of such buildings.   In consideration of this undertaking, Mrs. Spaulding agreed to complete the buildings at the time specified and after their completion, to convey to Koch that one of such houses that he should elect to take by warranty deed, subject to the lien of an equal half of the two mortgages; or, in case the parties should elect to sell the land and buildings, that she would pay Koch one half of the net price received on such sale.   " It being (as is stated

in said contract) the intent of the parties to equally divide any profits ·which may be realized by the sale of said buildings.''

The performance of this agreement by Mrs. Spaulding was secured to Koch by a mortgage on the property executed by her. The plaintiff, under a contract with Mrs. Spaulding, did some work on the buildings, for the payment of which services he now seeks to hold Koch responsible as a partner. No sale of the houses was ever made. The claim that they were partners is sought to be inferred from the effect of · the clause in the agreement relating to a division of profits alone. If this agreement had stopped with the provision that, in consideration of the money to be advanced by Koch, Mrs. Spaulding was, on the completion of the buildings, to convey to him one of the houses, I do not think any one would claim that Koch had been made a partner. Is this agreement, when analytically considered, anything more than the one supposed, and does Koch secure anything under one that he would not get under the other.

It will be observed that the only binding obligations resting upon the parties were that Koch should advance half the money necessary to build the houses, and that Mrs. Spaulding should erect and complete them at her own expense and convey one of them to Koch. Beyond this no obligation is assumed by either party. All that is said in relation to a sale of the property or a division of the price received is conditional upon the further agreement of the parties. If they both thereafter agreed a sale of the houses might be made and a division had of the price received. The right to make this disposition they had, independently of the provisions in the contract, and its insertion therein added nothing to the force or effect of the agreement. It is obvious, therefore, that the whole scope and effect of the agreement is to secure to Koch the right to a conveyance of one of the houses upon making the stipulated advances. He can acquire nothing more from the force of the contract and Mrs. Spaulding is discharged from all her legal obligations under the contract by conveying to Koch a completed house and lot.

In a certain sense the transaction may be considered a loan of money to enable Mrs. Spaulding to complete the erection of two houses, but in a strict sense it is the purchase by Koch of a house under an executory contract of sale. We can see in such a contract none of the elements of a partnership. Koch certainly had no idea of forming a partnership to build houses, for by the express terms of the contract Mrs. Spaulding was to build and complete the houses at her own expense and convey one of them to Koch by warranty deed. There was no community of property or profits provided for by this agreement, except such as would follow any executory agreement to purchase a house for a specified price of a builder which was yet to be built.

But even if this should be considered an agreement to build the houses and divide the profits, we think it does not of itself establish a partnership within the case of *Curry* v. *Fowler* (87 N. Y. 33). The circumstance that in that case there was a contract to repay the money loaned, does not make any difference in the principle which is to govern the transaction. Here the lender of the money was to look to the property alone for the reimbursement of his advances, and in that case he had not only a lien on the property, but also the personal security of the borrowers. In that case the lenders were to have one-half of the profits of the business, but were also secured by the personal guaranty of the borrowers that they should amount to a certain sum.

The differences in the cases do not, we think, create any distinction in principle, and both cases should be governed by the same rule.

The judgment should be affirmed.

All concur.

.. Judgment affirmed.