(16 Misc. Rep. 74.)

DELISE et al. v. PALLADINO.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

1. WITNESS—CREDIBILITY—INTERESTED PARTY AS WITNESS.
    The trial justice is not required to believe the testimony of a brother-in-law of defendant, who aided defendant all he could in the trial, in preference to the testimony of plaintiff.

2. PARTNERSHIP—ACTIONS—PARTIES.
    A person merely entitled to a share in the profits of a firm as compensation for his services is not a partner, so as to render him a necessary party to an action by the firm.

Appeal from First district court.

Action by Gaetano Delise and another against Joseph Palladino. There was a judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Louis Hess, for appellant.
D. Humphrey, for respondents.

McADAM, J. The main objection urged against the recovery is that Antonio Capuano, who the defendant alleged was a partner of the plaintiffs, should have transferred to them his interest in the balance of $75.59, claimed herein, before they could maintain action thereon. But the evidence shows that Capuano had no such interest. The firm composed of the plaintiffs did business in Brooklyn, and had a branch office in Jersey City. The money in question, though advanced by Capuano, belonged to the plaintiffs, came from their Jersey City office, and was advanced on their account. It was claimed that Capuano had an interest in the Jersey City branch office, and that he was an equal partner in the firm. In fact he so testified at the trial as a witness on the part of the defendant. The plaintiffs testified that he was not a partner in their firm, had no capital invested in the business, and merely received a share of the profits for his services. Though the plaintiffs were interested in the result, they were not more so than Capuano; who is a brother-in-law of the defendant, and did all he could to aid him upon the trial. The justice was therefore called upon to determine which of the interested parties was telling the truth. He found for the plaintiffs, and was justified in so doing. If, as the justice found, Capuano was not a member of the firm, he was entitled only to a share of its profits in the Jersey branch for his services. He was not a necessary party to any action brought by the firm, and it needed no assignment from him to maintain the action. This is clear upon principle as well as authority. Beudel v. Hettrick, 35 N. Y. Super. Ct. 405; Adee v. Cornell, 25 Hun, 78; Cassidy v. Hall, 97 N. Y. 159; Richardson v. Hughitt, 76 N. Y. 55; Bank v. Staples (Sup.) 11 N. Y. Supp. 809. The item of $14.50 was clearly established, and the amount of the note practically admitted. The facts as found by the justice entitled the plaintiffs to the judgment rendered. We find no error, and the judgment must be affirmed, with costs.