(119 App. Div. 81)

### LARZELERE v. TABER et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1907.)

PARTNERSHIP—RELATION—SHARING PROFITS, BUT NOT LOSSES.

Where two parties agreed that one of them was to build houses on his wife's land, and the other was to advance certain moneys and render legal services incident to the work, and in return was to receive his money back, with interest, and have a share of the profits, if any, such agreement did not constitute them partners, since one who is only interested in the profits as compensation for services rendered or money advanced is not a partner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 23.]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Benjamin Larzelere against Charles S. Taber and Edwin J. Bedell. From a judgment for defendant Taber, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

John H. Regan, for appellant.

Alfred E. Sander, for respondent.

JENKS, J. I think this judgment may be affirmed. The evidence does not show words or conduct of commission or omission of the defendant whereby he could be held as a partner. But the learned counsel for the appellant insists that the defendant should be thus held under his agreement with Bedell, and by the authority of Hackett v. Stanley, 115 N. Y. 625, 22 N. E. 745. The agreement recited that Bedell was to build houses owned by Mrs. Bedell, and that Taber would advance moneys and credit and furnish the legal services incidental to the work, which moneys were to be repaid, with interest, and Taber was to have a certain share of the profits. It is quite true that our courts have adhered to the rule of Waugh v. Carver, 2 H. Bl. 235, refusing to follow the English departure therefrom in Cox v. Hickman (1860) 8 H. L. C. 268 (Leggett v. Hyde, 58 N. Y. 272, 17 Am. Rep. 244); and hence the division of profits is regarded as the "most important element" in consideration of the contracts between the parties (Hackett v. Stanley, supra). But that element is not exclusive and controlling. I think that this case may be brought within the principle of Cassidy v. Hall, 97 N. Y. 159. When one is only interested in the profits as compensation for services rendered or money advanced, he is not a partner. See, too, Meehan v. Valentine, 145 U. S. 611, 12 Sup. Ct. 972, 36 L. Ed. 835.

Hackett v. Stanley, supra, does not deny the principle of Cassidy v. Hall, but affirms it. There is a manifest difference between the case at bar and Hackett v. Stanley, supra. In the case at bar Bedell was to build houses on his wife's land, and Taber was to advance certain moneys and to render legal services. Taber was to receive his money back, with interest, and a share of the profits, if any. Such is the sum and substance of the agreement. In Hackett's Case the contract either implied or provided that Stanley was to render active service in the prosecution of the business. Each party was to charge interest

on his advances, each was to receive pro rata reimbursement in case of deficiency, and each was to bear his proportionate loss. Stanley's right to profits was not to cease upon repayment of the loan, was independent of his services or his loans, and was to continue during the business, which was a general continuous business, not an isolated enterprise. These circumstances were dwelt upon and considered by the court in reaching its conclusion, and were said to distinguish the case from Cassidy v. Hall, supra. They, all more or less made for the existence of a partnership.

The judgment is affirmed, with costs. All concur.